Thank you. The next case on our calendar is Landmark, let me get the full name, Fence Company Inc. v. I'm sure I'm gonna mess up this name and counsel will correct me, Sahagun. I believe it's pronounced Sahagun. Sahagun, okay. And our arrangement this morning is a little bit unusual. Counsel for the appellee has indicated that he wants to hear us, counsel? Yes, I can. Okay, and he's waived his argument. We've asked counsel for appellant to make his argument in ten minutes. If we have any questions for counsel for appellee, we'll ask them and if we do, then maybe we'll give the appellant a little bit more time to respond to them, too. Counsel, you may proceed. Thank you, Your Honor. Good morning. This is Peter Lienitz appearing on behalf of Landmark Fence, the appellant and former Chapter 11 debtor. This case, this appeal concerns the bankruptcy court's jurisdictions over a claim proceeding after the bankruptcy case has been dismissed. The relevant jurisdictional statute is 28 U.S.C. 157 B2B, which provides that the bankruptcy court has jurisdiction over all court proceedings which includes, and I quote, allowance or disallowance of claims against the estate. Well, this case turns, does it not, on whether or not the proceedings involving these particular proceedings were an adversary proceeding or a claim objection proceeding. Correct, Your Honor. Because if it was an adversary proceeding then the, and there was a final judgment and the jurisdiction would continue. Correct, Your Honor. And that's what I believe is a fundamental error by the bankruptcy court. The adversary proceedings are limited, 7,001 of the bankruptcy rules, that's Federal Rules of Bankruptcy Procedure list, 10, an exclusive list of 10 types of proceedings that may be raised as adversary proceedings. A claim objection, a claim proceeding is not one of those. So as far as I can tell, that argument about what 7,001 covers was made for the first time to us. Can you correct me about that if I'm wrong? Like, was this argument made to the bankruptcy court that you cannot make this an adversary proceeding? Yes, I believe so. This was raised before the bankruptcy court. Can you point me to where? Because I couldn't, I thought this was really raised to us for the first time. It seemed to me that when the bankruptcy court said, I think I should make this an adversary proceeding that Landmarks Council, I don't know if it was you said, that makes sense to me. Well, if I can make a clear distinction in what that means, because bankruptcy rule 9014 allows the bankruptcy court to apply the adversary rules to claim objections. So the substance... But that wasn't what the bankruptcy court said. He said, I'm going to make this an adversary proceeding, and then thereafter, you file a status report, your side, I don't know, files a status report that says the court's converted this to an adversary proceeding. So everybody seemed to understand. I'm not sure you, by the way, I'm not sure your premise that he couldn't turn it into one is right, but forget that for the moment. It didn't, it doesn't look like anybody said to the judge below, hey, wait a minute, this is a claims objection proceeding. This is not an adversary proceeding. Well, if you look at that status report, though, that status report specifically cites 9014 of the bankruptcy rules, which is the statute, or I should say the rule that I've been talking about. What that does is it makes a claim objection proceed in a very similar fashion to an adversary where it incorporates the federal rules of civil procedure. It allows the bankruptcy court to allow discovery, conduct a trial, which is exactly what happens. And Landmar, I want to clarify. But the status report didn't say we're going to follow the adversary procedures. It said this has been converted into an adversary. At the time, that was the mechanism. What I just want to caution is that it's somewhat of a colloquialism used in bankruptcy. In the reply brief cites several cases when a court or party invokes 9014 to apply the adversary rules, they often use this phrase converting to an adversary or words to that effect, which is what happened. I think what's important for the court to look at is what the court actually did pre-dismissal versus what it did post-dismissal. Landmar has no objection to what the bankruptcy court did pre-dismissal. It conducted a trial and it entered two orders allowing the claim. When you say Landmar had no objection, that assumes that Landmar understood what the bankruptcy court said is, you know, nothing more than saying, well, we're going to have an evidentiary hearing. I mean, that was the meaning of converting. That's what Landmar understood it. And that's actually what the bank... How do we know that? That was Landmar's understanding. Well, I think one can see from just... If you actually look at what the bankruptcy court did, because after the trial in 2012, the bankruptcy court entered two orders. And both of those orders are claim orders. The language says allows a claim. The bankruptcy court did not enter a civil judgment. It entered two orders allowing a claim. That is what Landmar understood to be what the bankruptcy court would do and had no objection to that. So maybe you were confused, and I think there is a lot of confusion because there's a lot of mixed language that went on all along. But when the court actually at the end says, all along I meant it to be an adversary proceeding, I'm going to fix the clerical error. At that point, did you say you can't do that because 7001 never allowed this proceeding? I'm trying to think if I actually raised 7001, what came up in the context, the argument was this is still a claim objection, notwithstanding the fact... So I couldn't find anywhere where it was raised in the bankruptcy court that this could not be an adversary proceeding, which seems to be what your main argument is now. Well, the argument that was raised at the bankruptcy court is for the purposes of determining jurisdiction post dismissal, it should be treated as a claim objection, not an adversary that was no specific argument. Can I ask you a question about your ultimate premise? I'm reading 7001, and I start from the premise that lots of things are murky here, but it says an adversary proceeding can be a proceeding to recover money or property, other than a proceeding to compel the debtor to deliver property, or various proceedings that are thereafter listed.  Excellent question, Your Honor, because a claim proceeding doesn't award money. What it does, it allows a claim against the bank... Well, if it is a claim proceeding, but isn't this a proceeding to get an award of dollars? They say, this is how much you owe us, and the judge says, I'll treat it as an adversary proceeding, and now I have an award of dollars. I'm still gonna have to put that award into the bankruptcy, into the Chapter 11 proceedings, and decide whether you get paid on it, given the plan, but... And we know here nobody's gonna get paid on it. That would be... But that's a separate issue. But that's like proceeding backwards. In other words, why should you make that determination before you mean the bankruptcy court, before making the determination of whether or not to allow the claim? In other words, why would you give judgment on a claim that hasn't been allowed? Isn't that kind of a backward proceeding? Well, in bankruptcy, it doesn't work that way in the sense that the court adjudicates a claim, allows a claim against the estate. Whether that can actually be paid or not, depends upon the confirmation of a plan and the terms of the plan. That's right. So what I'm saying is, if we treat this as an adversary proceeding to determine the debtor's liability, that's putting the cart before the horse, because you first have to determine whether to allow the claim, right? In order... Otherwise, it doesn't make any difference how much it's for or anything like that, unless it's allowed. But in the bankruptcy context, the court doesn't go any farther than just allowing the claim. I can say I've been a bankruptcy practitioner for 20 years. That's exactly what I'm saying. So why would you go through all this business about, well, the debtor is liable for $13 million before you even allow the claim? Isn't that necessarily the procedure that the other side is saying happen here? Is that the court, by turning this into an adversary proceeding, that's what it did? Figured out how much was owed before it even decided whether or not to allow the claim. What was appropriate for the court to do and what it did before dismissal was enter an order allowing the claim. No, but then it revised its judgment, right? Correct. And that's where the landmark has no issue with what the bankruptcy court did pre- allowing the claim, because allowance of the claim is within the bankruptcy court's jurisdiction. But your argument is that because there was dismissal, that's gone away and they need to sue you all over again. Yes. Essentially, but I guess I want to make a clear point is that the court changed the substantive nature of the proceedings. No, I understand. From a claim to a civil proceeding. Because what you thought, because you think that was done improperly, what you're saying is if they want to collect against us, since we're now not in a Chapter 11, they need to sue all over again, correct? Essentially, yeah. The claims proceedings become moot. Okay. And so... But your position is that the court couldn't have turned this into an adversary proceeding. Now, there's two issues here. One is whether it did, and the second one is whether it could have. And I'm still stuck on Sub 1. Why couldn't it have under Sub 1, 7,001 Sub 1? Why couldn't the court have said more clearly than it did, look, there's a dispute going on here. I don't want to handle it as a claim of objection. I want to have a full-fledged adversary proceeding so I can determine whether or not, what the amount of this claim is, if anything, and then I'll decide whether or not later where to put it in Chapter 11. What, did the court lack the power to do that? I think post-dismissal it did because... No, no. Let's assume that before it meant to order an adversary proceeding. You use the wrong words from time to time, but it conducted one. Part of your argument in this brief, as I read it, is it couldn't have had an adversary proceeding because this is not one of the things listed in 7,001. And my question is, it seems to be listed under Number 1, doesn't it? But if you look, that's not what the bankruptcy court, in fact, did. No, no. But the answer to that question is, yes, because the case law says, right, a claim of objection can't be turned into a 7,001 proceeding. Well, a claim of objection can't be initiated as... And so, again, the bankruptcy court didn't purport to characterize this as a civil judgment for money prior to the dismissal. Again, the bankruptcy court... Let's assume, for purposes of Judge Hurwitz's question, that it did. So let's just assume that all of the confusion was gone and it was clear all along that he was trying to convert this to an adversary proceeding. I think Judge Hurwitz is asking you... Could the court purported to actually invoke, say, this is going to be a 7,001, I would have, at that point, probably raised the more specific... No, that's what's objection you're going to make. The question is, could it have done that? Does it have the authority to do that? You began today by saying, this is not one of the proceedings listed in 7,001. And I said, gee, it appears to be listed under 7,001, Sub 1. Forget all the procedures here for a second. Could this proceeding have been conducted as an adversary proceeding if all the appropriate orders had been made at the appropriate times? I don't believe so, because that's not how the bankruptcy process works. Well, but tell me... I mean, that's not a good answer for me, because... Tell me where in the statutes it says he can't do it. I understand judges normally don't do it, but it seems to be clear statutory authority to do it. Or at least in the rules. At least my understanding of the rules is that... And certainly, I believe the reply brief cites a case where it says, claims against the debtor do not fall under 7,001, Sub 1. Yeah, although there are other cases that uphold claims against the debtor in adversary proceedings. We seem to have suggested that, or the BAP, at least here, seems to have suggested a proceeding. It's dealing with that. So I can't find a case directly on point, but I seem to have found a rule on point. How do you... What do I do with that rule? I understand your other arguments that the judge didn't really do that. Well, and I guess the problem I have... You can't... In bankruptcy, there's an automatic stay that stays in the enforcement, so the only way to proceed on a claim is to allow a claim and it's paid under a plan. So there's no mechanism to enter a judgment against the debtor because you... The BAP has said in our circuit that an adversary proceeding against the debtor, seeking to recover on a pre petition dischargeable claim, would not under our holding today violate the automatic stay. So the Ninth Circuit BAP, at least, has said that if you're suing about a pre petition claim, which this is, you can have an adversary proceeding without violating the automatic stay. But a non dischargeable judgment is a different animal. That, and I think that's... I said dischargeable. Oh, I'm sorry. I said dischargeable. So that we can... The automatic stay doesn't present... Prevent the bankruptcy court from conducting adversary proceedings. You agree with that, don't you? Well, I mean, absolutely. I mean, the bankruptcy court can conduct adversary proceedings. My understanding of 70001 sub 1 is that it generally involves claims of the debtor against third parties. So it's actually a recovery statute for the estate against third parties. That's how it's typically applied. In the normal course of events, I think I agree with you. I'm just trying to figure out why the statute doesn't also contemplate that you might do it against the debtor. I apologize, I'm not specifically aware of the case that you're referring to, but... It's in Ray, North Coastal Village Limited, 135 bankruptcy, 641. 641. Okay, I'll certainly review that case. Do I take your answer to basically be that that would just swallow all of bankruptcy? I mean, is that kind of what you're saying that... Well, yeah, it would seem... It would be the exception that swallows the rule because the entire premise of the bankruptcy is to allow this consolidated claims proceedings, all the claims are adjudicated as claims against the estate, and then paid pursuant to a plan, assuming there is enough money to distribute to each prior... And I must admit, your answer is consistent with practice, but I'm just wondering why the district court, the bankruptcy court doesn't have the option under this rule of saying, I don't wanna treat this one as a claims objection, I wanna have a full blown trial, I wanna have an adversary proceeding in which I will conduct it like it was an ordinary civil matter, and maybe I'll find that the claim doesn't exist, and maybe I'll find that it does, and once I do, I'll then go back and, as Judge Tashima said, go backwards and then put whatever I adjudicate into the plan, and either pay it out or not pay it out, depending on the assets. But what I'd like to emphasize is that the bankruptcy court, it's perfectly appropriate to conduct a trial as part of a claim objection as a contested matter. That is the purpose of 7014, is to allow a trial... 9014. I'm sorry, I apologize, 9014C is to allow a trial to be conducted for claim objections. It substantially is still a claim objection, and again, that's what the question is, is that post bankruptcy, the judge did something completely different. It changed the substantive nature of the proceeding... Well, that's the question for us. Did it or did it just say, hey, I don't want you to be confused, I meant this to be an adversary proceeding, I said it was, and I conducted it as one. What it said was that, it said it made a clerical error, right? Well, I believe... That's what the bankruptcy court characterized it, the form of the first order, it was a clerical error. Well, there was no initial order when the bankruptcy court ruled at the first hearing, I believe in 2011, that she would apply the adversary rules, there was no formal order that said that. Follow me on that, I mean, at the end, after the evidentiary hearing, he said the claim was allowed, right? Wasn't that the judgment of the court at that time? Correct, there were two orders that allowed the claim. Well, no, that's what the bankruptcy court said was a clerical error. No, I don't believe that's what the court said. I think what the reference was, she... Back at the initial hearing in 2011, the court said that she would move all the files to an adversary proceeding to a separate file. And the bankruptcy court hadn't done that for whatever reason, I guess, it forgot to do that. So my understanding of the order in 2015 was the clerical error was that she forgot to do that, she forgot to move it into a separate adversary file. You've gone well over time, but I have one other question. It's a question I asked you before. Landmark doesn't complain about the procedural nature of the case. If this were just a claim, you'd have no problem with it. Correct? Procedurally, yeah, there would be no objection. No, you're not saying we got an unfair trial or the bankruptcy court ignored our evidence, you're not making any against the weight of the evidence argument. What you're really saying is, as a technical matter, because this Chapter 11 petition was dismissed, whatever the bankruptcy court adjudicated goes away. Doesn't mean you win, it means they've got to come against you again if they want to collect on it, right? Correct, but the substantive difference is... I know, I understand the substantive difference. I'm just asking for the practical effect of what you seek is to undo what the bankruptcy court called, and the district court called, a adversary judgment against Landmark below. And not to get it reversed or to say that you compel the claimant to sue you again. Yes? Well, I spoke to the attorney who actually tried, because it was a labor law claim, and the state had special counsel. And I spoke to him and he said that if this was not... If it did not proceed as a claim objection, if it proceeded as a normal civil lawsuit, there would have been a right to a jury trial, which they would have invoked. You may have good reasons to do it. I'm just... And they would have... I'm not attacking your motives, I just want to figure out what the... If you win and they want to collect against your client, they've got to sue your client again, right? Well, I mean, the suit is already pending in state court. I mean, in pre bankruptcy, there was a lawsuit against Landmark. It was subject to this day. Right. And... So the outcome... We're not arguing... We're not disagreeing with each other. The outcome of your position is they need to proceed in state court. Yeah, they need to go back to state court and finish the proceedings in state court. Now, you were just talking... One of you was just talking about suing your client. I mean, they can't sue Landmark. Has Landmark's debt been discharged? No, it's not. Oh, no, the case was dismissed. Has this debt been discharged? No, it's a dismissed case, so there's no discharge in a dismissed case. And the lawsuit against Landmark was filed pre bankruptcy. So when the bankruptcy was filed, it stopped the lawsuit. So our position is now that the bankruptcy case is dismissed. They're free to go back to state court. The issue is they can't use the bankruptcy court claim order because that is mooted by dismissal. Because under your position, there's no final judgment, and therefore, there's no preclusive effect in that order. And again, I wanna emphasize, a judgment... A civil judgment is very different from a claim order, and I've cited several cases... No, no. I think I'm accurately saying what your position is. That's right, isn't it? I'm not criticizing it. I'm just saying your position is the state court, the bankruptcy proceedings are now in effect null and void. They go away. Yeah, there's no preclusive effect because it was a void order, and they have to... Essentially, I think at this point, they would proceed against the non-debtor party, Mr. Yannick. But here, I think they're trying to use a preclusive effect, or that is likely what they're... Either way, they need a judgment from the state court, right? It's just a question of whether that judgment will take into account this bankruptcy order or not. Correct. We've taken you well over the time, but we always... I always enjoy at least being educated on bankruptcy. We have the... My colleagues and I have the opportunity, if we want, to ask questions to Appellee's counsel. So does anybody have questions for Appellee's counsel? No question here. None from me. Then this case will be submitted, and we thank you for your arguments. Thank you, Your Honor. I appreciate it. Thank you. I'm trying to find the name on the last case. The final case on our calendar this morning is United States versus El Huzail and Badawi.
judges: Tashima, Hurwitz, Friedland